IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| FREDRICK A. ELLIS, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV508-013 |
| PIERCE COUNTY, GEORGIA; RICHARD KING, Sheriff; Deputy Cpl. FNUK HARRIS, and JOE LNUK, Jailer, | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at the Pierce County, Georgia, Jail. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts Pierce County allowed him to be subjected to cruel and unusual punishment while he was housed at the Pierce County Jail. Plaintiff contends he was placed in a cell that did not have hot water, functioning shower, or bed. Plaintiff also contends he did not have proper care because he was assaulted when he was placed into protective custody. Plaintiff further contends he was denied medical care after he requested it.

A governmental entity "may be held liable for the actions of" its employees when the entity's "official policy causes a constitutional violation." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). A plaintiff "must identify a . . . policy or custom

[which] caused his injury." Id. A governmental entity is subject to liability under section 1983 "when execution of a government's policy or custom . . . inflicts the injury." Mercado v. City of Orlando, 407 F.3d 1152, 1161 (11th Cir. 2005).

Plaintiff has failed to identify a policy or custom Pierce County instituted which would have caused the injuries Plaintiff alleges he suffered. Accordingly, Plaintiff fails to state a claim for relief against Defendant Pierce County.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendant Pierce County be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 13th day of March, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE